FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiffs
DAVID D. WESNER, JANICE L. WESNER
AND DON WESNER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID D. WESNER, JANICE L. WESNER, AND DON WESNER, INC.

Plaintiffs,

v.

COUNTY OF NAPA, AND NAPA COUNTY BOARD OF SUPERVISORS,

Defendants.

CV 08 3377

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF CIVIL RIGHTS AND FOR RELIEF UNDER C.C.P. §1094.5
[Jury Trial Demanded]

Plaintiffs, DAVID D. WESNER, JANICE L. WESNER, and DON WESNER, INC. allege as follows:

### JURISDICTION AND VENUE

1. This action arises out of violations of plaintiffs' civil rights under 42 U.S.C. §1983. Jurisdiction is proper under 28 U.S.C. §1357, and supplemental jurisdiction is proper under 28 U.S.C. §1367. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that defendants reside in this judicial district and all of the events or omissions giving rise to the claim occurred within this judicial district.

### PARTIES

2. Plaintiffs are David D. Wesner, Janice L. Wesner, and Don Wesner, Inc.

(a California corporation) (hereinafter collectively referred to as "plaintiffs"), all of whom are citizens of the United States, citizens of the State of California and residents of the County of Napa, California.

3. Defendant, County of Napa (hereinafter "County"), is political subdivision of the State of California, and is a person within the meaning of 42 U.S.C. §1983.

4. Defendant, Napa County of Board of Supervisors, is the governing body for the County of Napa under California law.

## COUNT 1
### [Violation of 42 U.S.C. §1983]

5. At all times relevant hereto, plaintiffs were in the peaceable and rightful possession of approximately 10 acres of land, which included their place of residence and a place of established and grandfathered personal uses and business uses. Said 10-acre parcel is located in the unincorporated area of the County of Napa, California, at 1525 Skellinger Lane.

6. On or about March 16, 2006, defendant County acting through its district attorney office filed a complaint against plaintiffs for injunction, civil penalties and other relief alleging that inter alia that plaintiffs' use of said land was in contravention of Napa County Code §18.144.40, requiring that all land within the County conform to established zoning district regulations, and that plaintiffs' use of the land was contrary to the zoning provisions of the Napa County Code, and therefore unlawful and a "public nuisance." Further, the County, through the district attorney for the County of Napa, alleged violation of Business and Professional Code §17200, et seq, for unfair competition.

7. Plaintiffs answered that complaint denying the allegations thereof, specifically asserting that plaintiffs' use was and is constitutionally protected as it was a pre-existing use and thus grandfathered and not subject to zoning provisions enacted after the grandfathered use.

8. In full resolution of said complaint, the parties entered into a stipulated

1  judgment filed February 17, 2006, which was ordered and signed by Judge Fritz,
2  Superior Court, County of Napa.  The judgment only required plaintiffs to remove four
3  items from the property, but otherwise permitted plaintiffs to continue the use of the
4  property as it existed, including all items located thereon.  The judgment also provided
5  that plaintiffs would expand a berm on the parcel along Skellinger Lane and plant and
6  maintain oleanders or other similar fast-growing evergreen shrubs to obstruct outside
7  views of operations and stored equipment on the subject property.  As to all of these
8  provisions of the judgment, plaintiffs complied therewith and are in compliance
9  therewith.

10    9.    Notwithstanding said stipulated judgment and order, and notwithstanding
11 the fact that plaintiffs continued use of the property has not materially change in any
12 respect, the County maliciously on December 7, 2007 posted plaintiffs' property for
13 "Notice of Nuisance" alleging the very same violations as had been alleged in the prior
14 complaint which had been settled pursuant to the stipulated judgment and ensuing court
15 order.  The Notice of Nuisance totally ignored the prior stipulated judgment.  Thereafter,
16 the issue of the alleged "nuisance" proceeded to hearing before the Board of
17 Supervisors of the County of Napa.

18    10.   Prior to the hearing before the Board of Supervisors to abate the alleged
19 "nuisance," plaintiffs submitted a letter with attachments arguing vehemently that the
20 abatement proceedings were in violation of the stipulated judgment signed by Judge
21 Fritz and in violation of their fundamental rights under the United States Constitution
22 and the California Constitution, specifically their protected and vested rights to the
23 continued use of the property.

24    11.   A hearing was had on the matter on April 15, 2008, before the Napa
25 County Board of Supervisors, with Supervisors Brad Wagenknecht (Chair), Mark Luce,
26 Diane Dillon, Bill Dodd, and Harold Moskowite attending the hearing.  The County
27 conducted the meeting in a fashion to totally obstruct, interfere, deny, deprive, and
28 thwart plaintiffs' constitutional right to have a meaningful opportunity to be heard before

1 an impartial decision maker. At the hearing, the Board of Supervisors were
2 contemptuous of plaintiffs and plaintiffs' counsel, dismissive of the judgment and were
3 disruptive of plaintiffs' attempt to present their case, did not afford plaintiffs a reasonable
4 opportunity to be heard and present their case, tried to intimidate plaintiffs and their
5 counsel from presenting their case, and generally conducted the hearing in a manner
6 not comporting to due process.

7  12. The hearing was conducted with total disregard of any organized fashion
8 for presenting and rebutting evidence. The County interfered with and denied plaintiffs'
9 right to cross-examine witnesses. The "decision makers" (the Board of Supervisors)
10 were clearly biased, prejudiced, predisposed against and contemptuous of plaintiffs and
11 their rights, and prejudged the facts prior to the commencement of the hearing.

12  13. Due to the way the hearing was conducted by the County of Napa, not
13 only were plaintiffs denied their due process rights, both procedural and substantive,
14 they were denied their First Amendment rights to petition to redress their grievances,
15 due to the biased, obstructive and scornful manner in which the Board of Supervisors
16 conducted the meeting.

17  14. At the conclusion of the hearing, the Board of Supervisors voted to declare
18 the existence of a public nuisance on plaintiffs' property and ordered the abatement
19 thereof by plaintiffs, and failing that by the County, and further directing a lien be placed
20 on plaintiffs' property for abatement costs incurred by the County.

21  15. Said abatement order was and is unconstitutional, and in violation of
22 plaintiffs' constitutional rights, impaired the contract represented by the stipulated
23 judgment, and also was not based upon substantial evidence and in fact was contrary to
24 the evidence presented. Further, said abatement order is an action subject to the
25 California Environmental Quality Act ("CEQA") and is in contravention of CEQA in that
26 no environmental impact report was undertaken or considered, nor a negative
27 declaration submitted by the County prior to its action.

28  16. The resolution entered was arbitrary and capricious, and was written prior

4

to the hearing, and was summarily rubber stamped by the Board of Supervisors after going through the pretext of a hearing notwithstanding the fact that the matter was wholly and completely pre-judged by the Board of Supervisors prior to the hearing in direct violation of due process of law.

17. The resolution and the activities of the County present a clear and immediate threat of illegal seizure of plaintiffs' personal property in violation of the Fourth Amendment of the United States Constitution and unless enjoined, the County will proceed to unlawfully and unconstitutionally seize and destroy plaintiffs' personal property in violation of the Fourth Amendment.

18. By the foregoing acts, plaintiffs were deprived (or will be deprived unless enjoined) by the County of their constitutional rights as follows

    a) Their right of notice and meaningful opportunity to be heard by an impartial decision maker;

    b) Their right against impairment of contract, to wit the stipulated civil judgment recognizing their grandfathered use of their property;

    c) Their First Amendment Rights to free speech and right to petition;

    d) Their Fifth, Ninth, and Fourteenth Amendment rights to not be denied liberty and property without due process of the law, including their right to carry on a lawful business and a common trade and their right not to be subjected to malicious, arbitrary and capricious use of governmental authority and regulation; and

    e) Their Fourth Amendment right against unreasonable seizure.

19. Further, plaintiffs were deprived by the County of the corresponding rights afforded them under the California Constitution including their right to have, own, hold and defend real and personal property and be free of unreasonable seizures, the right to privacy, and the right to carry on a lawful business.

20. The County has a policy, practice and custom which foster, promote, condone, and further the conduct that the County inflicted on plaintiffs as above

described. In addition, the County ratified and approved its acts, thereby making the acts of the County the official practice, custom, and policy of the County.

21. As a direct and proximate result of the acts of the County, plaintiffs have suffered general and special damages, including but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to their central nervous system, and personal injury, all in an amount according to proof but in excess of $500,000.00. Further, plaintiffs are entitled to attorney fees.

22. The County will continue to violate their constitutional rights, and accordingly, plaintiffs will suffer irreparable damages unless the County is enjoined from such illegal conduct..

### COUNT 2
### [Violation of California Constitution, Article I, Section 1]

23. Plaintiffs incorporate and reallege as if set forth in whole, the allegations of paragraphs 1 through 23 above.

24. The acts of the County violated plaintiffs rights under the California Constitution, Article I, Section 1. As a direct and proximately result thereof, plaintiffs have suffered damages in the amount according to proof, but in excess of $500,000.00.

25. Further, the County threatens to continue to violate said rights, and accordingly, plaintiffs will suffer irreparable damage unless the County is enjoined from violating their rights under the California Constitution, Article I, Section 1.

### COUNT 3
### [Relief Under California Code of Civil Procedure §1094.5]

26. Plaintiffs petition this Court for an order as hereinafter requested under Code of Civil Procedure §1094.5, directed to the County of Napa and the Napa County Board of Supervisors, and by this verified complaint allege as follows:

27. Plaintiffs incorporate and reallege as if set forth in whole, the allegations of paragraphs 1 through 25 above.

28. Plaintiffs are beneficially interested in and aggrieved by the defendants'

wrongful and unconstitutional conduct as alleged herein.

29. At all times mentioned herein, defendants have been and are now the agencies charged with administering the Napa County Zoning Ordinance.

30. On or about April 15, 2008, the Napa County Board of Supervisors conducted a hearing concerning abatement of alleged nuisances on the subject parcel. At the conclusion of said hearing, the Board voted to declare a "nuisance" and instructed plaintiffs to abate the nuisance and failing that the County would abate the "nuisance" at plaintiffs' expense. The Board further voted to subject the subject property to all expenses pertaining to the County's expenses in abating the alleged nuisance. Thereafter, the Chairman of the Board executed a resolution to said effect on April 15, 2008.

31. Said resolution and action by the Board of Supervisors are invalid under Code of Civil Procedure §1094.5, for the following reasons:

    a. Defendants proceeded in excess of its jurisdiction, in that they made erroneous determinations of law and acted in violation of plaintiffs' constitutional rights.

    b. Defendants failed to grant plaintiffs a fair hearing, as set forth above.

    c. Defendants committed a prejudicial abuse of discretion in that they misinterpreted the zoning ordinance, disregarded the stipulated judgment, and failed to properly apply the law to the facts, illegally delegated their authority to County Counsel, and violated plaintiffs' constitutional rights a set forth above.

    d. Defendants failed to proceed in the manner required by law because they issued their resolution without any substantial evidence before them and failed to afford plaintiffs due process as set forth above.

    e. Defendants' resolution is not supported by substantive evidence.

      f.    Defendants proceeded in excess of their jurisdiction and prejudicially abused its discretion by failing to proceed in the manner required by law as alleged above.

      g.    Defendants' resolution is legally impermissible since the County is bound by the stipulated judgment which it constitutionally may not impair, and is judicially, collaterally, and equitably estopped from enforcing the resolution due to said judgment and plaintiffs' reasonable reliance thereupon.

32. Fundamental vested rights are involved in that plaintiffs' fundamental right to use their property and pursue their livelihood are at stake.

33. Plaintiffs have exhausted their available administrative remedies.

34. Plaintiffs do not have a plain, speedy, and adequate remedy in the ordinary course of law.

35. Plaintiffs have requested that the Clerk of the Board of Supervisors prepare a true and correct copy of the administrative record. A true and correct copy of the record will be lodged with the court before the hearing date.

WHEREFORE, plaintiffs pray judgment against defendants as follows:

1. Damages as against the County in an amount according to proof but in excess of $500,000.00;

2. An order issue, under Code of Civil Procedure §1094.5, directed to defendants and compelling defendants to set aside its decision dated April 15, 2008, and directing defendants to honor the stipulated judgment and plaintiffs' vested and protected rights and interests in the property and use thereof;

3. An order issue directed to defendants and compelling defendants to set aside its decision dated April 15, 2008, and directing defendants to honor the stipulated judgment and plaintiffs' vested and protected rights and interests in the property and use thereof;

4. Costs, interest and attorney fees; and

5. Such other relief be granted that the court considers proper and just.

DATED: July 11, 2008

_____
Frear Stephen Schmid, Attorneys for
Plaintiffs DAVID D. WESNER, JANICE
L. WESNER, and DON WESNER, INC.

## VERIFICATION

I, FREAR STEPHEN SCHMID, am attorney for plaintiffs in this proceeding. I have read the foregoing pleading and upon information and belief, believe the facts alleged therein are true and on that ground alleged that they are true.

I submit this verification under California Code of Civil Procedure §446, as the plaintiffs herein are absent from the county of my office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on July 11, 2008, at San Francisco, California.

_____
Frear Stephen Schmid

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial in the above matter.

DATED: July 11, 2008

_____
Frear Stephen Schmid, Attorneys for
Plaintiffs DAVID D. WESNER, JANICE
L. WESNER, and DON WESNER, INC.