IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID D. WESNER, et al.,

    Plaintiffs,

v.

COUNTY OF NAPA, et al.,

    Defendants.
_____/

No. C 08-03377 JSW

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Now before the Court is the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") or, alternatively, for a more definite statement filed by Defendant County of Napa (the "County"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for December 12, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies the County's motion.

**BACKGROUND**

Plaintiffs David D. Wesner, Janice L. Wesner and Don Wesner, Inc. (collectively, "Plaintiffs") allege that through a stipulated judgment they obtained a vested right to continue to use their property as they have been. (Compl., ¶¶ 6-8.) Despite this stipulated judgment, the County posted a notice of nuisance on Plaintiffs' property, alleging that the same violations that had been settled through the stipulated judgment constituted a nuisance. (*Id*., ¶ 9.) The County

1  held a hearing on the matter in April of 2008, but denied Plaintiffs a meaningful opportunity to
2  present their case. (*Id.*, ¶ 11.) At the conclusion of the hearing, the County's Board of
3  Supervisors voted to declare the existence of a public nuisance on Plaintiffs' property and
4  ordered it abated. Plaintiffs bring a claim under 42 U.S.C. § 1983 ("Section 1983"), alleging
5  that the County deprived them of the following constitutional rights:

   a) Their right of notice and meaningful opportunity to be heard by an impartial decision maker;
   b) Their right against impairment of contract, to wit the stipulated civil judgment recognizing their grandfathered use of their property;
   c) Their First Amendment Rights to free speech and right to petition;
   d) Their Fifth, Ninth, and Fourteenth Amendment rights not to be denied liberty and property without due process of the law, including their right to carry on a lawful business and a common trade and their right not to be subjected to malicious, arbitrary and capricious use of governmental authority and regulation; and
   e) Their Fourth Amendment right against unreasonable seizure

(Compl., ¶ 18.)

Plaintiffs also bring a claim under the California Constitution and for relief under California Code of Civil Procedure § 1094.5. The County moves to dismiss Plaintiffs' complaint. The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to Federal Rule of Civil Procedure 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. Such a motion

2

must point out the alleged defects and the details required. Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Moreover, such motions may not be used as a substitute for discovery. *Id*.

**B.     The County's Motion to Dismiss.**

The County moves to dismiss Plaintiffs' Section 1983 claim to the extent it is premised on the Ninth Amendment. The County argues that the Ninth Amendment does not create an independent constitutional right for purposes of stating a claim. Plaintiffs do not disagree, and clarify that they are not stating a "stand-alone" violation of the Ninth Amendment. (Opp. at 4.) Because Plaintiffs are not bringing an independent claim under the Ninth Amendment, the Court denies the County's motion on this ground.

The County also moves to dismiss Plaintiffs' Section 1983 claim on the grounds that Plaintiffs fail to state facts sufficient to constitute a claim under the First Amendment. The First Amendment prohibits the government from abridging the right "to petition the Government for a redress of grievances." *See* U.S. Const. amend I. This right is infringed when a government actor directly interferes with the right to present a grievance, or imposes restrictions on the ability to present a grievance that has a "chilling" effect on a citizen's exercise of that right. *O'Keefe v. Van Boening,* 82 F.3d 322, 325 (9th Cir.1996).

The cases cited to by the County do not demonstrate that Plaintiffs failed to allege a claim that their rights under the First Amendment have been violated. *See Adderley v. Florida*, 385 US 39, 47-48 (1966); *DeGrassi v. City of Glendora*, 207 F. 3d 636, 646 (9th Cir. 2000). In *Adderley*, the Supreme Court held that the state's neutral enforcement of its trespass laws did not violate demonstrators' rights of freedom of speech, press, assembly or petition. *Adderley*, 385 U.S. at 47. Significantly, the Court noted that there was "not a shred of evidence" that the trespass law was enforced based on what was being said by the demonstrators or because the sheriff disagreed with the objectives of their protest. *Id*. Similarly, in *DeGrassi*, the court held that excluding the plaintiff from city council meetings did not violate her free speech rights

3

because she was excluded based on her status as a party, not because of her viewpoint. *DeGrassi*, 207 F.3d at 646. Limitations on speech at such meetings "must be reasonable and content neutral, but that is all they need to be." *Id*. (quoting *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 271 (9th Cir. 1995)). Here, it is not clear, based on the allegations in Plaintiffs' complaint, that the County restricted Plaintiffs' ability to present their case at the hearing based on content neutral reasons. Therefore, the Court cannot find as a matter of law at this procedural stage that being denied the right to speak at a hearing at which their property rights were being adjudicated was not a denial of Plaintiffs' first amendment rights. Therefore, the Court denies the County's motion on this ground as well.

Next, the County argues the public interest exception to collateral estoppel applies here, and thus, Plaintiffs cannot rely on the stipulated judgment to preclude the County from enforcing the zoning ordinance. However, neither party has filed a copy of the stipulated judgment or the zoning ordinances at issue in the case in which judgment was entered or the present action. Moreover, it is not clear what conduct by Plaintiffs that the County argued was a nuisance in the case in which judgment was entered or what conduct by Plaintiffs that the County presently contends is a nuisance, or even if the zoning ordinances have changed since the judgment was entered. Therefore, whether or not collateral estoppel or res judicata applies here is not an issue the Court can determine on the record before it on this motion to dismiss.

Finally, the County argues that Plaintiffs' complaint fails to allege facts sufficient to demonstrate a protected property right because Plaintiffs are merely seeking to maintain a nuisance condition on their property. Again, the Court cannot determine on the record before it whether Plaintiffs are seeking to maintain a nuisance or whether the stipulated judgment entitles them to continue their preexisting use. Therefore, the Court denies the County's motion to dismiss.

**B.    The County's Alternative Motion for a More Definite Statement.**

The County argues that Plaintiffs should be required to provide a more definite statement because they do not identify in their complaint the particular zoning ordinances at issue and fail to incorporate the substance of the stipulated judgment or the resolution of the

4

County's Board of Supervisors of which they complain. The Court finds that omitting these details do not render Plaintiffs' complaint so ambiguous or vague that the County cannot be required to frame a responsive pleading. *See* Fed. R. Civ. P. 12(e). The County is aware of the stipulated judgment, the Board of Supervisor's resolution, and the zoning ordinances at issue. To the extent the County needs more information about the facts supporting Plaintiffs' complaint, the County can obtain such information through discovery. Accordingly, the Court denies the County's alternative motion for a more definite statement.

## CONCLUSION

For the foregoing reasons, the Court DENIES the County's motion to dismiss or, in the alternative, for a more definite statement.

**IT IS SO ORDERED.**

Dated: December 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE