IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. WESNER, et al., | No. C 08-3377 JSW |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS** |
| COUNTY OF NAPA, et al., | |
| Defendants. | |

Now before the Court is the motion filed by Defendant County of Napa, (the "County") to dismiss Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* N.D. Civ L.R. 7-1(b). Accordingly, the hearing set for March 13, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, the Court hereby DENIES the County's motion.

**BACKGROUND**

Plaintiffs David D. Wesner, Janice L. Wesner and Don Wesner Inc. (collectively, "Plaintiffs") allege that as a result of a stipulated judgment in a state court proceeding, they obtained

a vested right for the use of their property. (Compl. at ¶ 8.)[1] Plaintiffs allege that despite this stipulated judgment between the Plaintiffs and the County, the County posted a notice of nuisance on Plaintiffs' property, alleging that the same violations that had been settled by the stipulated judgment constituted a nuisance. (*Id.* at ¶ 9.) The County held a hearing on the new notice of nuisance in April 2008, but, Plaintiffs allege, denied the property owners a meaningful opportunity to present their case. (*Id.* at ¶ 11.) At the conclusion of the hearing, the County's Board of Supervisors found a public nuisance on Plaintiffs' property and ordered the abatement of the nuisance. Plaintiffs bring a claim under 42 U.S.C. § 1983 ("Section 1983"), alleging that the County deprived them of the following constitutional rights:

   a)   Their right of notice and meaningful opportunity to be heard by an impartial decision maker;
   b)   Their right against impairment of contract, to wit the stipulated civil judgement recognizing their grandfathered use of their property;
   c)   Their First Amendment rights to free speech and right to petition;
   d)   Their Fifth, Ninth, and Fourteenth Amendment rights not to be denied liberty and property without due process of the law, including their right to carry on a lawful business and a common trade and their right not to be subjected to malicious, arbitrary and capricious use of governmental authority and regulation; and
   e)   Their Fourth Amendment right against unreasonable seizure

(Compl. at ¶ 18.)

Plaintiffs also bring a claim for relief under California Constitution, art. 1, § 1, and California Code of Civil Procedure § 1094.5 ("Section 1094.5"). The County moves to have this Court decline supplemental jurisdiction over and to dismiss Plaintiffs' state law claims. The Court will address additional specific facts as required in the analysis.

---

[1] The Court GRANTS the County's request for judicial notice of California Code of Civil Procedure §§ 1094.5-.6, and the stipulated judgment in Napa County Superior Court Case No. 26-28732, *The People of the State of Cal. v. David D. Wesner et al. See* Fed. R. Evid. 201(b)(2).

**ANALYSIS**

**A.     Applicable Legal Standard**.

The Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court can properly exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). These "other claims" include on-the-record review of state and local administrative determinations. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 169 (1997). However, the doctrine of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). 28 U.S.C. § 1367 (c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claims substantially predominates over the claims or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Based on these factors, the Court's discretion to exercise supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 715.

**B.     The Court Denies the Motion to Dismiss Plaintiffs' State Law Claims.**

It is undisputed that Plaintiffs' civil rights claims under Section 1983 present a federal question within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1357. (*See* Compl. at ¶ 1; Mot. at 3.) The Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1357(a). Here, Plaintiffs' federal civil rights claims arise out of the

3

meeting of the County's Board of Supervisors. Plaintiffs' state law claims, under Section 1094.5 and the California Constitution, also arise out of the same hearing and include that the County failed to grant Plaintiffs a fair hearing, failed to afford Plaintiffs due process, and proceeded in excess of their jurisdiction. (*See* Compl. at ¶ 31). The state law claims under Section 1094.5 and the California Constitution are so related to the federal civil rights claims under Section 1983 that the Court finds that they form a part of the same case or controversy. Therefore, the Court can properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

The County argues that the Court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(1-4). A court may decline to exercise supplemental jurisdiction if a claim "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). However, Plaintiffs' claims under Section 1094.5 and the California Constitution, which include claims of due process and prejudicial abuse of discretion, do not raise a novel or complex issue of State law and therefore do not give the Court grounds to decline supplemental jurisdiction.

Under 28 U.S.C. § 1367(c)(2), a court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." The County argues that the state law claims substantially predominate the federal civil rights claims because state law must be applied by this court to review the administrative action below. However, "there may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 726-27. Here, Plaintiffs' federal question claims which include violations of their First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights, and Plaintiffs' analogous state law claims all arise out of the same meeting. These claims are so similar and interwoven that it cannot be said that the state law claims substantially predominate over the federal question claims. Thus, because the state law claims do not substantially

4

predominate over the federal question claims, the Court will not decline its exercise of supplemental jurisdiction.

Under 28 U.S.C. § 1367(c)(3), the Court may decline the exercise of supplemental jurisdiction if the Court "has dismissed all claims over which it has original jurisdiction." Here, the Court has not dismissed Plaintiffs' federal question claims under Section 1983. Therefore, this is not a ground for dismissal.

Lastly, the Court may decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). These exceptional circumstances include "considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *Chicago*, 522 U.S. at 174 (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). The County argues that an exceptional circumstance also includes a state mandamus proceeding. The County relies on a district court case which held that it would be inappropriate for a federal court to exercise supplemental jurisdiction over a state mandamus proceeding because these proceedings "to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts." *Clemes v. Del Norte*, 843 F. Supp. 583, 596 (1994). However, three years later, in *Chicago*, the United States Supreme Court noted that "there is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination." 522 U.S. at 169. Further, "the statute confers supplemental jurisdiction over 'all other claims' in the same case or controversy as a federal question, without reference to the nature of the review." *Id.* Thus, federal jurisdiction may encompass review of state and local administrative decisions.

Finally, the County argues under Federal Rule of Civil Procedure 12(b)(1) that Plaintiffs' entire complaint should be dismissed for lack of subject-matter jurisdiction. (*See* Mot. at 1.) It is

5

undisputed that Plaintiffs' claims under 42 U.S.C. § 1983 present federal question jurisdiction, and therefore, there is no basis for dismissal under Rule 12(b)(1).

**CONCLUSION**

For the foregoing reasons, the Court DENIES the County's motion to dismiss Plaintiffs' state law claims.

**IT IS SO ORDERED.**

Dated: March 11, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE